UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAYNE MICHAEL FELL,

    Plaintiff,

v.                                     Case No. 3:21cv914-MCR-HTC

CRESTVIEW POLICE DEPARTMENT
and OFFICER JASON R. NOBLES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Shayne Michael Fell, a pre-trial detainee proceeding *pro se* and *in forma pauperis*, initiated this action in July 2021, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on events arising from his August 12, 2020 arrest. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

The complaint was not on this Court's forms and was not accompanied by the filing fee or a motion to proceed *in forma pauperis*. Although Plaintiff eventually filed a complete motion to proceed *in forma pauperis*, which was granted; Plaintiff failed to file an amended complaint as ordered by the Court. Thus, for the reasons

that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On October 12, 2021, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A, the Court entered an order directing Plaintiff to, within thirty (30) days, file an amended complaint curing the deficiencies identified or a notice of voluntary dismissal.  ECF Doc. 8.  Namely, as set forth in that order, the Court determined Plaintiff's claims were barred by the *Younger* abstention doctrine[1] given the pendency of a state criminal action based on the very events complained of by Plaintiff and Plaintiff failed to state a claim for excessive force based on the use of handcuffs during the arrest.  *Id.*

Plaintiff was warned that failure to comply with the Court's order may result in a recommendation of dismissal for failure to prosecute and comply with an order of the Court.  *Id.* at 15.  Plaintiff did not comply with the Court's order.  Thus, on November 18, 2021, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders.  ECF Doc. 10.  The time for Plaintiff to respond to the Court's show cause order has passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of

---

[1] *Younger v. Harris*, 401 U.S 37 (1971).

Case No.: 3:21-cv-914-MCR-HTC

discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 14th day of December, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.